**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JAIME NOEL SEPULVEDA CARRERO

     Plaintiff,

     v.                             CIV. NO. 01-1907 (PG)

JOHN V. RULLAN,

     Defendant.

### OPINION AND ORDER

Before the Court is defendant's Motion Requesting the Entry of a Bill of Costs and the Impositions of Attorneys' Fees. (Docket No. 62.)  For the following reasons the Court, GRANTS IN PART defendant's motion.

### BACKGROUND

On July 12, 2001, plaintiff filed suit against John V. Rullan, the Commonwealth of Puerto Rico, and three unknown co-defendants (collectively "defendants") alleging political discrimination.  Defendants filed several dispositive motions and as a result, all of plaintiff's claims were dismissed with the exception of the first amendment claim against defendant Dr. John V. Rullan ("Rullan" or "defendant") in his personal capacity.  The day the case was scheduled to go to trial, defendant made a settlement offer of $12,000.00 but was refused by plaintiff. Following a three-day jury trial, the Court granted defendant's Rule 50 motion finding plaintiff had failed to prove a prima-facie case of political discrimination and dismissed the case. (Docket Nos. 56, 57, 58, & 60.) Judgment was entered on March 09, 2004. (Docket No. 60.)  A month later, Rullan filed the motion presently before the Court.

### DISCUSSION

#### I. ATTORNEY FEES

Under the so called "American Rule," litigants must bear the cost of their attorney's fees in the absence of explicit congressional

Civ. No. 01-1907 (PG)                                           Page 2

authorization to the contrary. <u>Christiansburg Garment Co., v. EEOC.</u>, 434
U.S. 412, 415 (1978); <u>Bercovitch v. Baldwin School</u>, 191 F. 3d 8, 10 (1st
Cir. 1999). Congress, however, has authorized the award of attorneys' fees
under 42 U.S.C. §1988 for prevailing plaintiffs in §1983 cases. <u>Tejada-
Batista v. Fuentes-Agostini</u>, 263 F.Supp.2d 321, 326 (D.P.R. 2003). To
determine the amount of attorneys' fees, courts in this Circuit must apply
the "lodestar" approach which requires that the Court calculate first, the
prevailing hourly rate, and second, the time spent performing the various
legal tasks, subtracting those which are excessive, duplicative, or
unnecessary. <u>Id.</u> at 326-27. <u>See</u> <u>Gay Officer Action League v. Puerto Rico</u>,
247 F.3d 288, 295 (1st Cir. 2001).

   **II. ANALYSIS**

   Rullan's attorneys allege that they worked a total of 204.25 hours
in the case, at various rates ranging from $75.00 to $125.00 per hour,
totaling an award of $31,736.25 in fees. They argue that as the prevailing
party, they are entitled to such fees.  Four attorneys seek reimbursement:
Frederic Chardon-Dubos, Luis A. Rodriguez-Muñoz, Eileen Landron-Guardiola,
and a fourth unnamed attorney identified throughout the time sheets as
MTF. Plaintiff objects to defendant's motion arguing that the request for
attorneys' fees should be denied because it would be unfair to impose the
burden of costs and attorneys' fees upon plaintiff for having exercised
his right to vindicate his constitutional rights.  Plaintiff argues that
defendant's attorneys' request is excessive. However, he fails to indicate
what portions of the attorneys' billing hours should be reduced or whether
the hourly rates billed are unreasonable.

   The Court first determines the appropriate hourly rate.  According
to the lodestar method, "the hourly rate should be 'in line with those
prevailing in the community for similar services by lawyers of reasonably
comparable skill, experience, and reputation'."  <u>Tejada-Batista</u>, 263

F.Supp.2d at 327 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984).
"In reaching its determination, the court may rely upon its own knowledge
of attorneys' fees in the community." Rodriguez v. International College
of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R.
2005)(citing Missouri v. Jenkins by Agyei, 491 U.S. 274, 285 (1989)).

Defendant's attorneys request the following rates for each attorney:
Frederic Chardon-Dubos, $125.00 per hour; Luis A. Rodriguez-Muñoz, $100.00
per hour; Eileen Landron-Guardiola, $125.00 per hour; and MTF, $100.00 per
hour. Presumably, the higher the rate, the more experienced the attorney.
Rullan's attorneys do not, however, include affidavits supporting each
attorney's hourly rates. Neither do they differentiate the rates for out-
of-court time from the in-court time rate. Defendant's attorneys simply
state that the rates charged do not exceed the rate of the local market
and, in some instances, are lower than the prevailing rate in the
community. They also cite Santiago v. Mercado, 175 F.Supp.2d 164 (D.P.R.
2001), in which this district found reasonable an hourly rate of $140.00
for out-of-court time and $160.00 for in-court time.

Recent case law reviewed indeed shows that $100.00 and $125.00 are
not unreasonable or excessive, however, Courts usually award different
rates depending on whether the time was invested in-court or out of court.
See Ciudadana v. Gracia-Morales, 359 F.Supp.2d 38, 45 (D.P.R.
2005)(finding rates of $200.00 an hour for out of court work and $225.00
an hour in-court work justified); Rodriguez, 356 F.Supp.2d at 96 -97
(finding rate of $190 and $125 to be appropriate); Top Entertainment Corp.
v. Torrejon, 349 F.Supp.2d 248, 253 -255 (D.P.R. 2004)(finding hourly
rate of $125.00 reasonable); Anywhere, Inc. v. Romero, 344 F.Supp.2d 345,
348 (D.P.R. 2004)(finding rate of $250 to be appropriate for one attorney
and rate of $150 per hour, with some hours billed at $75, to be
appropriate rates for another less experienced attorney); Vieques

Civ. No. 01-1907 (PG)                                              Page 4

Conservation and Historical Trust, Inc. v. Martinez, 313 F.Supp.2d 40, 47
(D.P.R. 2004)(reducing attorney's hourly rate to $225 to equate with local
attorneys rates); Tejada-Batista, 263 F.Supp.2d 321, 328 (D.P.R.
2003)(finding rate of $150 per out-of-court hours and $175 per in-court
hours in line with the rates prevailing in our legal community).

     The Court has carefully reviewed the defendant's attorneys' itemized
invoices of the work performed in the case. They claim they invested
204.25 hours trying this case, however, a detailed review of the time
sheets reveals they actually spent 175.50. Of these, 126 are billed at
$125.00 per hour and 48.50 at $100.00 per hour. Likewise, of the 126 hours
billed at an hourly rate of $125.00, 28 hours were invested in-court, and
of the 48.50 billed at $100.00 per hour, 19.75 hours were invested in-
court.

     After carefully reviewing the applicable case law, the Court finds
that the time invested in-court should not be compensated at the same
hourly rate as out of court time. Accordingly, the court reduces the
rates as follows: Attorney Frederic Chardon-Dubos' in-court time will be
awarded at an hourly rate of $115.00 and his out-of-court time will be
reduced to $90.00; Attorney Luis A. Rodriguez-Muñoz' in-court time will
be awarded at a rate of $100.00 per hour, and his out-of-court time will
be reduced to $90.00; Attorney Eileen Landron-Guardiola's out-of-court
time rate will be reduced to $100.00; and MTF's out-of-court time rate
will be reduced to $90.00.

     With regards to the time spent performing the various legal tasks,
the Court and finds that the hours invested in and out of court are not
duplicative or excessive. The Court will, however, deduct the hours
invested in preparing the motion seeking fees. Accordingly, 5.75 hours
billed at $90.00 per hour will be deducted, and 2.50 hours billed at
$90.00 per hour will be deducted.

Civ. No. 01-1907 (PG)                                                    Page 5

Accordingly, the Court awards each attorney the following fees:

| | |
|---|---|
| **Attorney Frederic Chardon-Dubos'**<br>  In-court time: 28    hrs x $115.00p/h = $  3,220.00<br>  Out-court time: 95.50 hrs x $ 90.00p/h = $  8,595.00 | **$11,815.00** |
| **Attorney Luis A. Rodriguez-Muñoz**<br>  In-court time: 19.75 hrs x $100.00p/h = $ 1,975.00<br>  Out-court time: 23    hrs x $ 90.00p/h = $ 2,070.00 | **$4,045.00** |
| **Attorney Eileen Landron-Guardiola**<br>  Out-court time:  1.50 hrs x $100.00p/h = $    150.00 | **$150.00** |
| **Attorney MTF**<br>  Out-court time: 2.50 hrs x $ 90.00p/h = $    225.00 | **$225.00** |
| **TOTAL AWARD** | **$16,235.00** |

Lastly, defendants' also seek reimbursement for paralegal work. "Attorneys' fees for a prevailing party also include the work of paralegals." <u>Santiago</u>, 175 F.Supp.2d at 172(<u>citing</u> <u>Missouri</u>, 491 U.S. at 285). <u>See</u>  <u>Figueroa-Torres v. Toledo-Davila</u>, 232 F.3d 270, 277 (1st Cir. 2000). Defendants request a rate of $35.00 for 0.50 hours of paralegal work. The Court approves the amount of time claimed, and accordingly awards $17.50 for paralegal work.

The Court further NOTES that Defendant has filed a Verified Bill of Costs (Docket No. 61). The Clerk SHALL tax costs as it deems appropriate.

### CONCLUSION

WHEREFORE, defendant's Motion for Attorneys' Fees (Docket No. 62) is GRANTED IN PART. Accordingly, defendant's attorneys are awarded $16,235.00 in fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 15, 2005.

S/JUAN M. PEREZ-GIMENEZ
U.S. District Judge